FILED

2026 MAY 27 PM ?:45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ____

James Quilici
7200 Franklin Ave #323
Los Angeles, CA 90046
Westcoastmediaco@gmail.com
(916) 330-8298
Plaintiff, Pro Se

**United States District Court**

**Central District of California**

James Quilici

Plaintiff,

v.

Tesla, Inc.,

Defendant,

Case No.: 2:26-cv-02409-JLS-JDEx

**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This action arises from the unauthorized copying and dissemination of Plaintiff's original copyrighted visual media and Defendant's alleged contribution to, amplification of, and benefit from that dissemination.

2. Plaintiff seeks statutory damages, actual damages, and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504, as well as injunctive relief and such other remedies authorized under the Copyright Act.

## II. PARTIES

3. Plaintiff, **James Quilici**, is an individual residing in the State of California.

4. Defendant, **Tesla, Inc.**, is a corporation that conducts substantial business in the State of California and uses digital media for commercial promotion.

## III. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's federal copyright claims pursuant to **17 U.S.C. § 501** and **28 U.S.C. §§ 1331 and 1338(a)**.

6. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because Defendant conducts substantial business in this District and because a substantial part of the events giving rise to the claims occurred within this District.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff independently created original drone-captured visual media (the "Work").

8. The Work was fixed in a tangible medium of expression and first published by Plaintiff on or about July 14, 2025.

9. Plaintiff is the sole author and copyright owner of the Work.

10. On or about July 15, 2025, Sawyer Merritt copied and uploaded a video on X containing Plaintiff's Work, including the attribution "video via WC Drone Productions." The post was made without Plaintiff's authorization and was later reposted and amplified by the @elonmusk account, as reflected in Exhibit A.

11. The attribution "video via WC Drone Productions" appearing on the face of the Merritt post indicated that the video originated from a source other than Merritt and supports a plausible inference that subsequent users who reposted or amplified the post were on notice that Merritt was not the original source of the Work.

12. The Work is registered with the United States Copyright Office under Registration No. PA 2-564-179, effective October 4, 2025.

13. The Work was publicly displayed on widely accessible online platforms where Defendant promotes its products, brand, and corporate initiatives, and the Work was viewable within this District and throughout the United States.

14. The Work was further distributed, reposted, embedded, and republished beyond the Merritt source post, including by third-party media outlets and online platforms following the @elonmusk repost and Tesla-related promotional dissemination.

15. Upon information and belief, on or about July 21, 2025—the same date as Defendant's inaugural Tesla Diner launch—the Work was published or republished to the public through the social-media account **@elonmusk** on X (formerly Twitter), in a post that **tagged @Tesla and promoted Tesla's diner/brand messaging**, as reflected in Exhibit B.

16. The July 21 dissemination coincided with Defendant's publicly announced corporate expansion initiative and was published in connection with communications concerning Defendant's products, business operations, and branded launch activities.

17. The dissemination of the Work occurred in connection with Defendant's inaugural Tesla Diner launch, a branded corporate

expansion initiative that generated widespread media coverage and public engagement.

18. The referenced account is routinely used to communicate corporate initiatives, product launches, and expansion announcements relating to Defendant's business operations and brand strategy.

19. The dissemination of the Work promoted Defendant's business operations and brand expansion to the public.

20. To the extent Defendant contends the July 21 publication was not undertaken within the scope of agency, Plaintiff alleges on information and belief that Defendant **ratified and adopted** the dissemination by **failing to repudiate, correct attribution, request removal, or publicly disassociate Tesla from the post** after receiving notice, while continuing to accept the promotional benefit and allowing continued public access to the Work through channels associated with Tesla's brand. Defendant's continued acceptance of the promotional benefit of the post while allowing the Work to remain publicly accessible constitutes ratification of the dissemination.

21. Defendant's Chief Executive Officer routinely communicates corporate product launches and expansion initiatives through the referenced account in a manner integrated with Defendant's brand

identity and official corporate messaging. The post's Tesla tag and launch-day messaging drove third-party pickup and attribution to Tesla or its CEO, amplifying Tesla's branded launch communications.

22. The @elonmusk repost substantially expanded the audience for the Merritt post and contributed to downstream media pickup and attribution of the Work to Tesla or its CEO, thereby increasing the dissemination and promotional value of the unauthorized use.

23. Plaintiff did not grant Defendant or its agents permission to reproduce, distribute, display, or otherwise exploit the Work and was not compensated for any such use.

24. On or about July 21, 2025, Plaintiff contacted Defendant regarding the unauthorized use of the Work and sought resolution, including licensing discussions. Thereafter, on or about November 21, 2025, Plaintiff transmitted a formal written demand via certified mail and electronic mail to Defendant's legal department providing notice of infringement and requesting removal and resolution prior to litigation.

## V. WILLFULNESS ALLEGATIONS

25. After receiving Plaintiff's November 21, 2025 written demand, Defendant continued to allow or benefit from public access to the Work through Tesla-associated promotional dissemination, and failed to take reasonable steps to request removal, correction, or disassociation from the infringing use.

26. After notice, Defendant had the ability to take reasonable steps to mitigate continued infringement and ongoing dissemination, including requesting removal, correcting attribution, and directing Tesla-controlled channels not to use the Work without license.

27. Defendant's continued failure to resolve the infringement after notice supports an inference of knowledge and reckless disregard at a minimum, with the extent of such knowledge to be further developed in discovery.

## VI. CLAIMS FOR RELIEF

### COUNT I – COPYRIGHT INFRINGEMENT

(17 U.S.C. §§ 106, 501)

28. Plaintiff incorporates by reference all preceding paragraphs.

29. Plaintiff owns valid copyrights in the Work.

30. Defendant is liable for secondary and contributory copyright infringement because at least one third party directly copied and posted the Work without authorization, and Defendant, through conduct connected to its corporate messaging and branded launch communications, knowingly amplified, facilitated, ratified, or materially contributed to continued dissemination of the infringing Work. To the extent discovery shows Defendant or its agents directly uploaded, reproduced, distributed, or displayed the Work, Plaintiff also alleges direct infringement.

31. Defendant's infringement was willful at least after notice, including Plaintiff's written demand, because Defendant continued to allow the Work to remain publicly accessible and continued to accept the promotional benefit without licensing or compensation.

32. Pursuant to 17 U.S.C. § 504, Plaintiff seeks recovery of statutory damages under § 504(c) or, in the alternative, actual damages and any profits of Defendant attributable to the infringement under § 504(b), including Defendant's gross revenues **proximately linked to the infringement**, to the extent proven under § 504(b), in an amount to be proven at trial. The Work was timely registered within three months

of first publication, rendering statutory damages and attorney's fees available under 17 U.S.C. §§ 504 and 505.

33. Defendant's unauthorized dissemination of the Work occurred without license or compensation and in connection with Defendant's corporate promotional messaging and brand launch activities, contributing to significant public engagement and third-party media dissemination.

**VII. INJUNCTIVE RELIEF**

34. Defendant's infringement has caused and will continue to cause irreparable harm to Plaintiff, including loss of control over Plaintiff's copyrighted work and ongoing reputational and licensing harm.

35. Monetary damages alone are inadequate to remedy the ongoing harm.

36. Plaintiff seeks a permanent injunction prohibiting Defendant from reproducing, displaying, distributing, or otherwise using the Work without authorization. The Work remains accessible through at least one live post or embedded publication as of the filing date.

**VIII. PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award statutory damages under 17 U.S.C. § 504(c), including enhanced damages for willful infringement;

C. In the alternative, award actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b);

D. Grant injunctive relief pursuant to 17 U.S.C. § 502;

E. Award Plaintiff costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

F. Grant such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

37. Plaintiff demands a trial by jury on all issues so triable.

James Quilici

Date: May 26, 2026

Respectfully submitted

James Quilici

Plaintiff, Pro Se

**EXHIBIT A**

(Sawyer Merritt X Post Reposted by @elonmusk Containing Plaintiff's Work)

Elon Musk reposted

**Sawyer Merritt** @SawyerMerritt · Jul 15

Tesla's new diner and Supercharger is going to be PACKED when it opens. Literally the coolest charging spot in the world.

video via WC Drone Productions




927 2.3K 14K 1.9M

**EXHIBIT B**

(July 21, 2025 Post Referencing Tesla Diner Launch)

**Elon Musk** @elonmusk · Jul 21

If our retro-futuristic diner turns out well, which I think it will, @Tesla will establish these in major cities around the world, as well as at Supercharger sites on long distance routes.

An island of good food, good vibes & entertainment, all while Supercharging!

> **Elon Musk** @elonmusk · Jul 19




13K 18K 142K 27M